UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT JOHNSON,
FDOC NO.: L10847, Plaintiff

VS

CASE NO.: 4:20-CV-00410-MW-MAF

CAPTAIN A. MASSEY, Defendant - individually

AND

SERGEANT A. DOWDEN, Defendant - individually

AND

OFFICER R. BROWN, Defendant - individually

---

AMENDED 42 U.S.C. § 1983 - CIVIL
RIGHTS COMPLAINT

By: Robert
NAME: Robert Johnson, pro se
FDOC NO.: L10847
ADDRESS: Charlotte Corr. Inst.
33123 Oil Well Road
Punta Gorda, FL 33955

PROVIDED TO CHARLOTTE CORRECTIONAL INSTITUTION ON 4-21-22 FOR MAILING BY ___

## JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 & 1343 (a)(3).

The Northern District of Florida is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

2.

1. PLAINTIFF

ROBERT   JOHNSON

L 10847

Charlotte Corr. Inst.

33123  Oil Well Road .

Punta Gorda, FL 33955

V.

2. DEFENDANTS

(i) CAPTAIN  A. MASSEY

CAPTAIN

FRANKLIN CORRECTIONAL INST.

1760 HIGHWAY 67 NORTH

CARABELLE, FL  32322

AND

(ii) SERGEANT  A.  DOWDEN

SERGEANT

FRANKLIN CORRECTIONAL INST.

1760 HIGHWAY 67 NORTH

CARABELEE, FL 32322

AND

(iii) OFFICER      BROWN

CORRECTIONAL  OFFICER

FRANKLIN CORRECTIONAL  INST.

1760 HIGHWAY 67 NORTH

CARABELLE, FL 32322

## 3. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prior to filing this complaint, Mr. Johnson, the Plaintiff in the above styled cause has exhausted his administrative remedies as required by law. On the 29th day of July, 2018, he filed an informal grievance to the institution's Assistant Warden depicting the horrific incident that occurred (see informal grievance log No.: 113-1808-0021; EXHIBIT 1).

After his informal grievance was denied, he filed a formal grievance (formal grievance log No.: 1808-113-049; EXHIBIT 2) to the institution's Warden. Following the denial of his formal grievance, the Plaintiff filed an Appeal to the Secretary of the Florida Department of Corrections (see Grievance Log No.: 18-6-36559; EXHIBIT 3).

The Secretary of the Florida Department of Corrections denied Mr. Johnson's Appeal (see EXHIBIT 4) as well; thereby, concluding the administrative grievance process. As the result thereof, Mr. Johnson exhausted his administrative remedies pursuant to 42 U.S.C. § 1997 e(a). Mr. Johnson is aware that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

## 4. PREVIOUS    LAWSUITS

A. Mr. Johnson has not initiated any other actions in state court dealing with the same or similar facts/ issues involved in this action.

B. Mr. Johnson has not initiated any other actions in federal court dealing with the same or similar facts/issues involved in this action.

C. Prior to this action, Mr. Johnson has initiated other actions in state & federal court that related to the conditions of his confinement.

    1. Parties to previous federal action:

       a. ROBERT L. JOHNSON, Plaintiff

       b. GULF ANNEX C.I., Defendant

    2. IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, PANAMA CITY DIVISION

    3. CHIEF UNITED STATES MAGISTRATE JUDGE ELIZABETH M. TIMOTHY —— CASE No.: 5:17 cv 205/MCR/EMT

    4. Filed in the Panama City Division on the 4th day of August, 2017.

    5. Due to Mr. Johnson's Voluntary Dismissal, this action was dismissed without prejudice on the 14th day of February, 2018.

    6. Mr. Johnson filed this pleading claiming that prison officials at Gulf Correctional Institution Annex had violated his civil rights under the Eighth & Fourteenth Amendments.

5. PREVIOUS     LAWSUITS

1. Parties to previous state action:
    a. ROBERT L. JOHNSON, Plaintiff
    b. FLORIDA DEPARTMENT OF INSURANCE, DEPARTMENT OF RISK MANAGEMENT, Defendant
    c. SERGEANT J. SIKES, Defendant
    d. OFFICER W. RATLIFF, Defendant
2. IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR CALHOUN COUNTY, FLORIDA
3. CIRCUIT COURT JUDGE SHONNA YOUNG GAY
4. Filed in the Circuit Court on or around the 2nd day of April, 2018.
5. Still pending
6. Mr. Johnson filed this pleading claiming that Sergeant J. Sikes & Officer W. Ratliff intentionally took, damaged & destroyed his personal property as retaliation for him filing previous grievances against Sergeant Sikes; thereby, intentionally inflicting emotional distress upon the Plaintiff. He also claimed that the Department of Insurance, Department of Risk Management breached its duty to reimburse him for these state employees' intentional loss & damage of his personal property.

D. Mr. Johnson has never had any actions in state or federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.

## 6. STATEMENT OF FACTS

### A. PLAINTIFF PLACED ON PROTECTIVE MANAGEMENT

On the 4th day of July, 2018, sometime on or between the hours of 8:30 - 10:00 a.m., while on the recreation yard at Franklin Correctional Institution, the Plaintiff - Mr. Johnson - was accosted & surrounded by several unknown inmates of different nationalities, apparently, members of multiple different gangs. This large group of thugs advised him that his actions of writing grievances on the misconduct of staff members was causing staff members to make things hard for them. The group of thugs then instructed Mr. Johnson that he had twenty-four (24) hours to remove himself from that institution or else they were going to kill him. Mr. Johnson informed his dorm sergeant of this encounter & was placed in Administrative confinement pending Protective Management (P.M.). (see EXHIBIT

### B. PLAINTIFF REFUSED TO CONSENT TO CELLMATE

On the 28th day of July, sometime on or between the hours of 6 & 7:00 p.m., the dorm sergeant - Sergeant Dowden - approached Mr. Johnson's assigned confinement cell - Alpha dorm Wing 2 Cell 113 - & advised

him that he was getting a cellmate. Mr. Johnson protested, advising Sgt. Dowden that he was in fear of his safety due to members of security paying & coercing gang members to threaten & kill him; therefore, he could not give consent to accept a cellmate.

C. PLAINTIFFS REQUEST TO SPEAK TO O.I.C.

After Sgt. Dowden informed Mr. Johnson that he did not have a choice as to rather he was getting a cellmate or not, he requested to speak to the Officer-In-Charge (O.I.C.). Moments later, Captain Massey arrived at Mr. Johnson's cell door & advised him that he was getting a cellmate & that she didn't care rather he was in fear for his life or not.

D. DEFENDANT'S ATTEMPT TO GIVE PLAINTIFF CELLMATE

Approximately ten (10) to fifteen (15) minutes after departing from Mr. Johnson's cell door, the Defendants - Captain Massey, Sergeant Dowden & Officer Brown - returned with an unknown white inmate in tow & ordered Mr. Johnson to submit to hand restraints. Prior to submitting to hand restraints, Mr. Johnson repetitively pleaded to the Defendants that he was in fear for his life & that he could not give

consent to acceptance of a cellmate.

E. PLAINTIFF SUBMITS TO HAND RESTRAINTS

Following several threats from Captain Massey — including a disciplinary report (D.R.) & the use of chemical agents —, Mr. Johnson submitted to hand restraints as instructed. Once Sergeant Dowden placed hand restraints on Mr. Johnson, he ordered the officer inside of the officer's station working the control panel to open Mr. Johnson's cell door. As his cell door opened, Mr. Johnson stood in the door, refusing to back away & permit the inmate to enter the cell with him. Instead, he repetitiously pleaded to the Defendants that he was in fear for his life. Captain Massey then ordered Sergeant Dowden to secure Mr. Johnson's cell door & remove his hand restraints

F. DEFENDANT'S THREAT TO APPLY CHEMICAL AGENTS

After removing the hand restraints from Mr. Johnson, the Defendants departed, escorting the unknown inmate with them. Moments later, the Defendants returned, with Captain Massey being video recorded by Officer Brown with a hand held camcorder. Captain Massey instructed Mr. Johnson to cease his disruptive behavior

(3 that if he continued being disruptive, chemical agents would be used on him. Then Captain Massey ordered Officer Brown to end the video recording.

## G. REMOVAL OF PLAINTIFF FROM CELL

Immediately after Captain Massey ordered officer Brown to end the video recording, she ordered Mr. Johnson to submit to hand restraints, to which he complied. Once Mr. Johnson was placed in hand restraints, Captain Massey (3 officer Brown removed him from his assigned cell. Following the removal of Mr. Johnson from his cell, Sergeant Dowden entered Wing 2 escorting the unknown white inmate (3 placed him in Cell 113 with Mr. Johnson's personal property. Afterwards, the Defendants escorted Mr. Johnson out of Wing 2 into the entrance hallway (3 shoved him into an isolated holding cell.

## H. CAPTAIN MASSEY'S THREAT OF RETALIATION

Once Mr. Johnson was secured inside of the holding cell (3 away from all audio (3 video recording devices, the Defendants began hurling insults (3 threats

At him. Captain Massey began by informing Mr. Johnson that she was aware of the lawsuit that he filed against the Department of Risk Management (& corrections officers at Calhoun Correctional Institution (& that she was also aware of the numerous grievances that he had written on several staff members. Then she informed Mr. Johnson that she "didn't give a damn if he was in confinement or on the compound, they were going to get him one way or another because he was in their world (& there was nothing that he could do about it."

## I. MORE THREATS AND INSULTS BY DEFENDANTS

Afterwards, Sergeant Dowden began insulting Mr. Johnson by calling him a child molestor (& a coward mother-fucker, promising that he would never make it out of prison alive. Then, Sergeant Dowden informed him that they had paid the white inmate that was being forced into the cell with him to fuck him up (& that he was going into the cell with that inmate one way or another. Then Captain Massey stated, "Now you can write that up if you want to", adding contemptuously "that's if you be alive in the morning." After several more threats (& insults including

officer Brown calling Mr. Johnson a "stupid ass nigger", the Defendants left the Plaintiff in the holding cell for about an hour to an hour & a half without any drinking water or toilet.

## J. REMOVAL OF PLAINTIFF FROM HOLDING CELL

Sometime between the hours of 9 & 10:00 P.M., Sergeant Dowden & officer Brown returned to the holding cell where Mr. Johnson was being detained. Sergeant Dowden asked Mr. Johnson was he ready to die, then ordered him to submit to hand restraints. Once Mr. Johnson was securely placed in hand restraints, Sergeant Dowden & officer Brown removed him from the holding cell & escorted him back into Wing 2 Cell 113 - his original cell - where the unknown white inmate had been placed.

## K. PLAINTIFF'S PLEA OF FEAR

Prior to the Defendants forcing Mr. Johnson back into cell 113, he futilely advised Sergeant Dowden & officer Brown that he was

not going in the cell with the unknown white inmate because he was in fear for his life. Then Mr. Johnson made an announcement for the audio recording devices in Wing 2 stating, "Audio!!, Audio!! I was taken out of my cell, placed in a holding cell, threatened, & now they are attempting to put me in the cell with this inmate so he could harm me. I am in fear for my life, somebody help me, please."

## L. DEFENDANT'S FAILURE TO PROTECT

Nonchalant to Mr. Johnson's plea, Sergeant Dowden ordered the officer working inside the officer's station to open cell 113. Once the cell door was open, Mr. Johnson began putting up a little resistance as the Defendants tried to force him inside of the cell. Then, Sergeant Dowden ordered Mr. Johnson to stop resisting before he slammed him on the floor. As the result of Mr. Johnson refusing to stop resisting, Sergeant Dowden grabbed Mr. Johnson's arm & wrists & began bending his arms & wrists upwards - applying pressure to his arms & wrists & forcing him to bend forward -

while officer Brown tightly gripped his left arm &
together, they forcefully shoved Mr. Johnson inside
the cell with the unknown white inmate. &
instantly slammed the cell door.

M. PLAINTIFF REFUSES TO RELINQUISH HAND RESTRAINTS

After securing the cell door, Sergeant
Dowden opened the flap on the cell door & ordered
Mr. Johnson to relinquish his hand restraints.
Mr. Johnson advised him that he was refusing to
relinquish his hand restraints because he was in
fear for his life. Sergeant Dowden gave
Mr. Johnson several more orders to relinquish his
hand restraints, to which Mr. Johnson refused
requesting to be either removed from the cell or
speak to the O.I.C.. Finally, Sergeant Dowden
slammed the flap; smiled & winked at the
unknown white inmate inside the cell with
Mr. Johnson & walked away.

N. PLAINTIFF ASSAULTED BY CELLMATE

Immediately after the Defendants walked away,

the inmate in the cell with Mr. Johnson stated, "I got you now nigger boy. You child molesting, writ writing bitch. I'm going to kill your fuck ass." As Mr. Johnson spent around to face his assailant, his assailant violently attacked him, placing his right hand around Mr. Johnson's neck; thereby choking him. While Mr. Johnson hand been handcuffed behind his back as required by institutional policy, he noticed that his assailant had been handcuffed in the front; thereby, making his attack easy. Losing breath, Mr. Johnson forcefully kneed his assailant in the testacles then kicked him in the stomach, forcing him backwards. Mr. Johnson's assailant rushed him again & Mr. Johnson kicked him a second time. Afterwards, they remained in a standoffish position until the Defendants returned.

O. USE OF EXCESSIVE FORCE BY DEFENDANTS

Captain Massey, followed by Sergeant Dowden & another unknown female officer, returned being video recorded via hand held camcorder by Officer Brown, to Mr. Johnson's cell door & ordered the white inmate in the cell with him to go to a safe corner in the cell. Captain Massey never gave Mr. Johnson another order to relinquish his hand restraints nor attempted to remove him from the cell. In fact, once the unknown white inmate was in a safe position, Captain Massey ordered the unknown female officer to spray Mr. Johnson with

the chemical agents. Once Mr. Johnson was sprayed with the chemical agents, he began wheezing & coughing due to the potent ingredients of the chemical agent.

P. REMOVAL OF PLAINTIFF'S ASSAILANT FROM CELL

Seconds after the chemical agents were sprayed, the unknown white inmate inside of the cell with Mr. Johnson began kicking on the cell door & yelling frantically, "I can't breathe! I can't breathe!" Seconds later, Sergeant Dowden opened the flap on the cell door, removed the white inmate's handcuffs from in front of him & recuffed him behind his back. Afterwards, the Defendants rolled the cell door open & removed the white inmate from the cell. However, prior to the Defendants opening the cell door, the white inmate spit on Mr. Johnson. After removing the white inmate from the cell, the Defendants left Mr. Johnson inside of the fumed cell for approximately four (4) to five (5) minutes.

Q. REMOVAL OF PLAINTIFF FROM FUMED CELL

After approximately four (4) to five (5) minutes later, the Defendants opened the cell door, removed Mr. Johnson from the fumed cell & escorted him out of

Wing 1 to a cold water shower in Wing 3. After Mr. Johnson spent several minutes in the cold water shower rinsing the chemical agents off of his body, he was clothed & removed from the shower by the Defendants.

R. PLAINTIFF EXAMINED BY NURSE

After exitting Wing 3, the Defendants escorted Mr. Johnson to a nurse's station in the main entrance hallway to be examined by the nurse. Mr. Johnson did not report any major injuries to the nurse because he didn't have any. After being examined by the nurse, Mr. Johnson was escorted by the Defendants back to cell A2-113 - his original cell - & housed alone. Per Policy & Procedure, Officer Brown remained video recording Mr. Johnson in his cell for several minutes before departing.

# 7. STATEMENT OF CLAIMS

In connection with these allegations, Plaintiff raises the following counts:

(1) COUNT 1: First United States Constitution Amendment Retaliation Claim against all Defendants;

(2) COUNT 2: Eighth United States Constitution Amendment Failure To Protect Claim against all Defendants;

(3) COUNT 3: Eighth United States Constitution Amendment Use of Excessive Force Claim against all Defendants;

(4) COUNT 4: State-law Claim for Assault & Battery against all Defendants;

(5) COUNT 5: State-law Claim for Intentional Infliction of Emotional Distress against all Defendants

## RELIEF   SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment granting him:

1) A declaration that the acts & omissions described herein violated Plaintiff's rights under the Constitution & laws of the United States;

2) A preliminary & permanent injunction ordering Defendants to cease conspiring with their coworkers to write Plaintiff frivolous disciplinary reports & to cease destroying & losing his personal property & to cease placing him in cells with violent inmates so that the inmates could assault him;

3) Nominal Damages in the amount of $7,500.00 against each Defendant, jointly & severally;

4) Compensatory Damages in the amount of $1,500,000.00 against each Defendant, jointly & severally;

5) Punitive Damages in the amount of $50,000.00 against each Defendant, jointly & severally;

6) A jury trial on all issues triable by jury;

7) Plaintiff's costs in this suit; &

8) Any additional relief this Court deems just, proper & equitable. Signed on this       day of              , 2022.

bi: _Robt_

NAME: Robert Johnson, pro se

FDOC No.: K 10.841

## DECLARATION

I declare under penalties of perjury that the foregoing statement of facts, including all continuation pages, are true & correct. Signed on this 21st day of April, 2022.

/s/: Robt Johnson

NAME: Robert Johnson, pro se
FDOC No.: L10,847

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true & correct copy of this complaint has been placed in the hands of prison officials at Charlotte C.I. for purposes of mailing to: ① Chief United States District Judge Mark E. Walker, United States District Court, Northern District of Florida, 111 North Adams Street, Suite 322, Tallahassee, FL 32301-7717; & ② Joe Belitzky, Senior Assistant Attorney General, Office of the Attorney General, PL-01 The Capitol, Tallahassee, FL 32399-1050; on this 21st day of April, 2022.

/s/: Robt

NAME: Robert Johnson, pro se
FDOC No.: L10847
ADDRESS: Charlotte Corr. Inst.
33123 Oil Well Road
Punta Gorda, FL 33955

EXHIBIT

1

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _Franklin C.I_

10H

**INMATE COPY**

| TO: (Check One) | ☐ Warden<br>☑ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Johnson, Robert | DC Number<br>L10847 | Quarters<br>A2-113L | Job Assignment<br>U/A | Date<br>08/03/2018 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

I am submitting this grievance because I have been deprived of my safety by security while on Protective Management (P.M.), threatened, hurled insults at, physically assaulted, & unjustifiably used excessive force on. The facts are as follows: On July 28, 2018, sometime between the hours of 6:00 - 7:30 p.m., while housed in confinement cell - A2-113L - pending P.M., Capt. Massey (O.I.C), Sgt. Dowden (Dorm Sgt) & Ofc. Brown approached my cell door & ordered me to submit to hand restraints because I was getting a cellmate. I advised them that I was in fear of my life & could not consent to a cellmate. After continuous orders & threats, I refused submitted to hand restraints but refused to permit the inmate to enter the cell with me. Moments later, Capt. Massey returned being video recorded by hand camera & ordered me to cease my disruptive behavior of being in fear of my life. Then she ordered me to submit to hand restraints again. I complied again. I

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _Robert Joh_          DC#: _L10847_

Security  8/9/8                                              RECEIVED

**DO NOT WRITE BELOW THIS LINE**                  AUG 3 2018

**RESPONSE** 113-1808-0021

DATE RECEIVED: ASST. WARDEN PROGRAMS
FRANKLIN CI

FORCE WAS UTILIZED BECAUSE You REFUSED TO RELINQUISH THE HAND RESTRAINTS. THE USE OF FORCE WAS REVIEWED AND IS IN COMPLIANCE WITH POLICY & PROCEDURE

RETURNED TO
INMATE ON

AUG 08 2018

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Denied_. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): _C. Gray_    |    Official (Signature): _[signature]_    |    Date: 8-8-18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

incorporated by Reference in Rule 33-103.005, F.A.C.

was extracted from my cell & replaced by the inmate that they were trying to force into the cell with me. Then I was placed in the holding cell in the entrance hallway of A dorm. Once off audio, Capt. Massey stated, "I don't give a damn if you're in confinement or on the compound, we're going to get you one way or another. You're in our world, there's nothing you can do about it." Then Sgt. Dowden told me that I was a child molester & that they had paid the inmate that they were forcing into the cell with me to fuck me up & that I was going into that cell with him one way or another. Then Capt. Massey stated, "Now you can write that up if you want, that's if you be alive in the morning." Then Ofc. Brown called me a "Stupid Ass Nigger." After several more threats & insults, they left. Sometime between 9 & 10:00 p.m., I was removed from the holding cell & returned to my cell where they had placed this particular inmate. I advised them that I was not going in there with him because I was in fear of my life. Sgt. Dowden opened the cell door, bent my wrists & arms upward forcefully while Ofc. Brown gripped my right arm tightly & together, they shoved me into the cell with this inmate & slammed the door. After being ordered to by Sgt. Dowden, I refused to relinquish my hand restraints stating that I was in fear of my life. Then I requested to speak with the OIC. After Sgt. Dowden slammed the flap & walked away, I noticed that the inmate had his handcuffs in front of him. Immediately, he rushed me & wrapped his hand around my throat saying, "I got you now nigger boy, u child molesting, writ writing bitch, I'm going to kill your fuck ass." At that point, I kneed him in the testicles & kicked him in the stomach. He flew backwards. He rushed me again so I kicked him in the stomach again. Afterwards, we were in a stand off, standing on opposite sides of the cell until Capt. Massey arrived with the Sgt. & 2 officers, one with a video camera & one

with a spray can. Capt. Massey ordered the inmate to stand in a safe corner in the cell & ordered the officer with the spray can to spray me with chemical agents. I was not ~~de~~ being disorderly or disruptive in any manner. After the inmate began kicking the door & yelling, "I can't breathe", Sgt. Dowden handcuffed him behind his back & removed him from the cell. While exiting the cell, he spit at me. Minutes later, they removed me from the cell & placed me in a cold water shower in A 3. The audio & video recording devices in A dorm wing 2 from the time of 6 - 10:00 p.m. can be reviewed to verify this complaint. Capt. Massey, Sgt. Dowden & Ofc. Brown's conduct was egregious & in violation of the Rules of Prohibited Conduct; thereby, breaching their duties as correction's officers. Additionally, they have infringed upon my civil rights by conspiring against me, failing to ~~protect~~ safely protect me; physically abusing me; & subjecting me to Cruel & Unusual Punishment. Therefore, I am exhausting my administrative remedies.

### "CONCLUSION"

To conclude this grievance, I would like this matter investigated, I would like the audio & video surveillance devices for the abovementioned date, time & location reviewed to confirm my complaint & I would like Capt. Massey, Sgt. Dowden & Ofc. Brown counseled & disciplined pursuant to Chapter 33, F.A.C. Rules of Prohibited Conduct by Staff.

s/: Robert Johnson
NAME: Robert Johnson
DOC #: L 10847
DATE: 08/02/2018

P.S. Note: Due to the fact that informal grievance log # 113-1807-0284 was returned without action because of ~~poor~~ procedural technicalities, this complaint has been rewritten & revised to comply with Chapter 33.

EXHIBIT

2

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Olot

☐ **Third Party Grievance Alleging Sexual Abuse**   1808-113-049

TO: ☑ **Warden**   ☐ **Assistant Warden**   ☐ **Secretary, Florida Department of Corrections**

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Johnson, Robert L | L10847 | Franklin C.I. |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

This Formal Grievance is in reference to Informal Grievances Log No.: 113-1807-0284 & 113-1808-0021 (attached), in which I informed this institution that I have been deprived of my safety, by security, while on Protective Management (P.M.), conspired against, threatened, hurled insults at, physically assaulted by staff & an inmate, & unjustifiably used excessive force on.

The responder to my revised informal grievance responded by informing me that my grievance was denied due to the fact that force was justifiably used because I refused to relinquish my hand restraints. It is quite obvious that the responder has not been properly trained & is incompetent to policy & procedure because the proper policy & procedure would have been to not force me into the cell with this inmate or better yet, to remove me from the cell with this inmate once I advised security, that I was in fear of my life, not to spitefully remove the hand restraints & force me to live in fear. Additionally, by the responder denying my grievance, it is quite obvious that this person has turned a blind eye (& or refused to acknowledge & address the illegality & criminality) of its counterparts for their actions prior to me refusing to relinquish my hand restraints. Therefore, I am requesting that my complaint be reviewed by someone more competent & impartial.

**"CONCLUSION"**

To conclude this grievance, I would like my initial complaint investigated, I would like the audio & video surveillance devices for the date, time & location mentioned in my initial complaint reviewed to confirm my complaint.

| 08/12/2018 | |
|---|---|
| DATE | |
| Security 8/16 | Ralph [signature]   # L10847 |
| | SIGNATURE OF GRIEVANT AND D.C. # |

**'BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

| 1 | Ralph [signature] |
|---|---|
| # | Signature |

---

**INSTRUCTIONS**

s form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, rida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

... the inmate does that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to der 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and ssed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the tution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the vance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**RECEIVED**

AUG 13 2018

mitted by the inmate on: _____   **Receipt for Appeals Being Forwarded to Central Office**

**ASST. WARDEN-PROGRAMS**   Institutional Mailing Log #: _____
**FRANKLIN CI**

DISTRIBUTION:      _____      (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

:1-303 (Effective 11/13)   Incorporated by Reference in Rule 33-103.006, F.A.C.

I would like this complaint forwarded to the Inspector General's Office due to the fact that I was physically assaulted by staff, & I would like Capt. Massey, Sgt. Dowden & Ofc. Brown counseled & disciplined pursuant to Chapter 33, F.A.C. Rules of Prohibited Conduct by Staff.

/s/: _(signature)_

NAME: Robert Johnson

DOC No.: L 108417

DATE: 08/12/2018



A2113

## PART B - RESPONSE

| JOHNSON, ROBERT | L10847 | 1808-113-049 | FRANKLIN C.I. | A2113L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy or appeal has been received, reviewed and evaluated.

As an inmate that has requested protection, you do not get to make the determination of who you are or aren't housed with simply based off the fact that you are "in fear for your life". You can be housed with another inmate while being protected and on protective management status, you cannot claim to be in fear of every inmate at the institution to have a cell to yourself. Once again, you do not determine who you are housed with. The use of force was reviewed and appears justified as you declined to relinquish the hand restraints and give them back to security staff. An investigation was conducted as you stated the inmate which was being placed in the cell with you was cuffed in the front and that he began assaulting you upon your placement in the cell. Upon entering the cell, the inmate was observed restrained in the back, throughout the use of force his hands were behind his back, and departing the cell after chemical agents were used to bring you into compliance with lawful orders the hand restraints were behind his back. Your complaints about staff abuse by Captain Massey, Sergeant Dowden, and Officer Brown were forwarded to the Inspector General's office for further investigation.

Due to these facts, your grievance is denied.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 8/14/18 DATE |
|---|---|---|

RETURNED TO INMATE ON

AUG 15 2018

EXHIBIT

3

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

AUG 27 2018

Department of Corrections
Bureau of Inmate Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

_Johnson     Robert     L_              _L 10847_              _Franklin C.I._
Last        First      Middle Initial        DC Number              Institution

---

### Part A – Inmate Grievance

18-6-36359

This 'Request For Administrative Remedy' is in reference to Formal Grievance Log No.: 1808-113-049 & Informal Grievance Log No.'s: 113-1808-0021 & :113-1807-0284 (see Attachments). It is obvious that the correctional officer's that I am complaining of & the responder's to my formal & informal grievances have not been properly trained concerning their duty to protect prisoner's from violence at the hands of others. In an attempt to justify the brutality that I have ~~endured~~ suffered at the hands of these atrocious correctional officers, the responders of my complaints have concocted redherring responses that are totally in noncompliance with policy & procedure. Therefore, I am simply requesting that the complaints in my formal & informal grievances be reevaluated & readdressed.

"_CONCLUSION_"

To conclude this complaint, I would like my initial complaint reevaluated & readdressed, I would like the audio & video surveillance devices for the date, time & location mentioned in my initial complaint impartially reviewed to confirm my complaint & preserved for further action, I would like ~~them~~ Capt. Massey, Sgt. Dowden & Ofc. Brown ~~reprimand~~ counseled & disciplined pursuant to Chapter 33, F.A.C. Rules of Prohibited Conduct by Staff, I would like the Defendants & the responders to my complaints properly trained concerning their duty to protect prisoner's from violence at the hands of others, & I would like any other remedy that this agency ~~or board~~ deems necessary.

_08/20/2018_
DATE

SIGNATURE OF GRIEVANT AND D.C. #          II L 10847

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_1_          Signature
#

form is used for filing a formal grievance at the Institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, ida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

**INSTRUCTIONS**

in the Inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by iter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the Inmate and essed postage free through routine institutional channels. The Inmate must indicate a valid reason for not initially bringing his grievance to the attention of the itution. If the Inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the ance will be returned to the Inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

itted by the inmate on: _____          Institutional Mailing Log #: _8.18.687_
                    (Date)

_Messer_
(Received By)

1808-113-049

10h (113)

DISTRIBUTION:          INSTITUTION/FACILITY          CENTRAL OFFICE
                    INMATE (2 Copies)          INMATE
                    INMATE'S FILE          INMATE'S FILE - INSTITUTION/FACILITY
                    INSTITUTIONAL GRIEVANCE FILE          CENTRAL OFFICE INMATE FILE
                                        CENTRAL OFFICE GRIEVANCE FILE
1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

RECEIVED

AUG 2 1 2018

ASST. WARDEN PROGRAMS

chemical agents
Captain Massey   Officer Brown

872724

MAILED/FILED
WITH AGENCY CLERK

SEP 2 6 2019

Department of Corrections
Bureau of Inmate Grievance Appeal

**PART B - RESPONSE**

| JOHNSON, ROBERT | L10847 | 18-6-36559 | FRANKLIN C.I. | A2207U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

You need to submit a request in writing to the Office of the Inspector General in regard to retention of video evidence.

Your administrative appeal is denied.

C. Neel

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

08/30/2018
DATE

Rober
Charlot
33123  Oil  Well  Road
Punta  Gorda , FL  33955



Ft Myers P&DC
FRI 22 APR 2022

APR 2 5 2022

MARK E. Walker, Chief United States District Judge
United States District Court
Northern District of Florida
111 North Adams Street
Tallahassee, FL 32301-7717